**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                        No. 99-4808

WILLIE BAILEY, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-99-55)

Submitted: April 28, 2000

Decided: May 17, 2000

Before MURNAGHAN, LUTTIG, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro,
North Carolina, for Appellant. Walter C. Holton, Jr., United States
Attorney, L. Patrick Auld, Assistant United States Attorney, Greens-
boro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Willie Bailey, Jr., appeals his conviction and resulting 280 months' sentence for bank robbery, in violation of 18 U.S.C.§ 2113(a) (1994), and bank robbery with a dangerous weapon, in violation of 18 U.S.C. § 21139d) (1994). Finding no reversible error, we affirm.

On appeal, Bailey maintains that the district court gave improper instructions to the jury regrading the elements of armed bank robbery, and that the district court abused its discretion on denying Bailey's requested instruction explaining the concept of lesser-included offenses.

This Court reviews jury instructions in their entirety and as part of the whole trial. See United States v. Bostian , 59 F.3d 474, 480 (4th Cir. 1995). In a criminal case, this Court examines whether the court adequately instructed the jury on the elements of the offense and the accused's defenses. See id. Both the decision to give (or not to give) a jury instruction and the content of an instruction are reviewed for abuse of discretion. See United States v. Russell, 971 F.2d 1098, 1107 (4th Cir. 1992). A refusal to grant a requested instruction is only reversible error if the instruction (1) was correct; (2) was not substantially covered by the court's charge to the jury; and (3) dealt with some point in the trial so important, that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense. See United States v. Patterson, 150 F.3d 382, 388 (4th Cir. 1998), cert. denied, 119 S. Ct. 835 (1999). In sum, this Court's review is whether the instruction given fairly states the controlling law. See United States v. Cobb, 905 F.2d 784, 789 (4th Cir. 1990).

First, we find no reversible error in the court's instruction regarding armed bank robbery. See United States v. Jones, 84 F.3d 1206 (9th Cir. 1996); United States v. Levi, 45 F.3d 453, 456 (D.C. Cir. 1995). Second, the court did not abuse its discretion in denying Bailey's requested instruction concerning lesser-included offenses given that the court's instructions were adequate on the issue, and therefore Bailey's proffered charge unnecessary.

Accordingly, we affirm Bailey's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and oral argument would not aid the decisional process.

AFFIRMED